IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv145 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CITY OF OMAHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Jamaal A. McNeil, a prisoner. Also before the court are filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"); filing no. 4, the plaintiff's Motion for Summary Judgment; and filing no. 10, the plaintiff's Motion for Issuance of Subpoenas. Because the plaintiff is a prisoner, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted under federal law. Pursuant to 42 U.S.C. § 1983, the plaintiff has brought claims of malicious

1

prosecution, false imprisonment and the like which arise out of dismissed charges in a state court concerning an allegedly stolen vehicle. Unfortunately, the plaintiff has brought his claims in the wrong court. The plaintiff's claims do not state a claim under federal law, although they may very well state a cause of action under state law and may be asserted in a state court.

For example, the plaintiff alleges a claim of malicious prosecution purportedly under 42 U.S.C. § 1983. However, "[i]t is well established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" Pace v. City of Des Moines, 201 F.3d 1050, 1055 (8th Cir. 2000). Accord Technical Ordnance, Inc. v. United States, 244 F.3d 641, 650 (8th Cir. 2001) ("The general rule is that an action for malicious prosecution does not state a claim of constitutional injury."). In this regard, the U.S. Circuit Courts of Appeal differ, Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003), cert. denied, 543 U.S. 808 (2004). However, this court is within the Eighth Circuit. In the Eighth Circuit, malicious prosecution by itself does not create liability under 42 U.S.C. § 1983, because that claim does not allege a constitutional injury. Gordon v. Hansen, 168 F.3d 1109, 1114 (8th Cir. 1999); McNees v. Mountain Home, 993 F.2d 1359, 1361 (8th Cir. 1993); Gunderson v. Schlueter, 904 F.2d 407, 409 (8th Cir. 1990). Thus, malicious prosecution is a tort (civil wrong) under state law but not a federal constitutional claim.

The same principles apply to the tort of false imprisonment. See, e.g., Davis v. Hall, 375 F.3d 703, 718 (8th Cir. 2004): "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as '[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner,' Estelle v. Gamble, 429 U.S. 97, 106 ... (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official. Id. at 145-46...."

The plaintiff also asserts claims against Nate and Vanessa Johnson, private

individuals who defrauded the plaintiff in connection with the vehicle which is the subject of this litigation. Again, the plaintiff's allegations of fraud and manipulation against these defendants arise exclusively under state law.

This case must be dismissed for failure to state a federal claim on which relief may be granted against any defendant in a federal court, although the plaintiff is free to bring his claims in an appropriate state court. Therefore, the above-entitled case will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee.[1]

THEREFORE, IT IS ORDERED:

1. That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B);

2. That filing nos. 2, 4 and 10 are denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[1] The plaintiff is advised that if he elects to appeal in lieu of filing his case in state court, he will incur the federal appellate filing fee of $455.00, and if he were to prevail, he would then incur the U.S. district court filing fee of $350.00. As a prisoner, he would become liable for the entire $805.00 on the installment plan under the Prison Litigation Reform Act, even if he is allowed to proceed in forma pauperis.